UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

Marie Elaine Burns                                    :
221 Sycamore Trail                                    :
Delta, PA 17314                                       :
                                    Plaintiff          :
v.                                                     :
TransUnion Rental Screening Solutions, Inc.           :
6430 South Fiddlers Green Circle, Suite 500           :
Greenwood Village, CO 80111                           :
                                    Defendant(s)  :

**FILED**
HARRISBURG, PA

JAN 2 2 2018

Per_____

**Deputy Clerk**

Jury Trial Demanded

1:18-CV-153

## **COMPLAINT**

1. This is a lawsuit for damages brought by an individual consumer for Defendant(s')
   alleged violations of the Fair Credit Reporting Act (FCRA), and the Fair and Accurate
   Credit Transaction Act (FACTA), 15 U.S.C. 1681, et seq.

2. Plaintiff is Marie Elaine Burns on, an adult individual with a current address of 221
   Sycamore Trail, Delta, PA 17314.

3. Defendant(s) is TransUnion Rental Screening Solutions, Inc., with a business address
   including but not limited to 6430 South Fiddlers Green Circle, Suite 500, Greenwood
   Village, CO 80111.

**COUNT ONE: Violation of the Fair Credit Reporting Act and the Fair and Accurate Credit Transactions Act, 15 USC 1681 et. seq.
Failure to Redact Pertinent Portions of Plaintiff's Social Security Number**

4. All previous paragraphs of this complaint are incorporated by reference and made a part of this complaint.

5. At all times mentioned herein Plaintiff was a consumer as defined by 15 USC 1681.

6. At all times mentioned herein Plaintiff was a person as defined by 15 USC 1681a (c).

7. At all times mentioned herein Plaintiff was an individual as defined by 15 USC 1681a (c).

8. At all times mentioned in this Complaint, Defendant(s) maintained a "file" on Plaintiff as defined by 15 USC 1681(a)(d) et. seq.

9. At all times mentioned in this Complaint, Defendant(s) was acting as a "consumer Reporting Agency" (CRA) as defined by 15 USC 1681a(f) as follows.

10. On or about the following dates Plaintiff contacted Defendant(s) in writing and requested a copy of the information contained in Plaintiff's consumer file which was maintained by Defendant(s). Each time that Plaintiff requested Plaintiff's file disclosure from Defendant, Plaintiff requested in writing that Defendant(s) redact the first five digits of Plaintiff's consumer disclosure. See attached exhibits.

    a.    9/7/2016

    b.    9/2/2016

    c.    10/4/2016

11. Pursuant to 15 USC 1681g (a)(1)(A), Defendant(s) was / were required to redact the first five digits of Plaintiff' Social Security number on Plaintiff's disclosure because Plaintiff specifically requested Defendant(s) to do so at the time that Plaintiff requested the consumer report from Defendant(s).

12. Defendant was required to redact Plaintiff's Social Security number on the disclosure even though the consumer report was given directly to the consumer, and not intended to be accessed by any third party.

13. Said redaction requirement was part of the Fair and Accurate Credit Transaction Act (FACTA) of 2003.

14. The legislative purpose of such redaction requirement was to protect the consumer's privacy and Social Security Number from third parties and / or dumpster divers who might view the consumer's Social Security Number information on the consumer report.

15. Such legislative purpose is also exemplified in 15 USC 1681c(g), which was also part of the FACTA of 2003. 15 USC 1681c (g) requires merchants to redact all but the last 5 digits of a consumers' bank or credit card number on a receipt at the point of sale. Even the expiration date must be redacted. This is true even when such receipt is given directly to the consumer, and not intended to be accessed by any third party.

16. The purpose of 15 USC 1681c (g) was to protect consumers from unintended persons who may view or "dumpster dive" for the consumers' credit card or bank transaction receipts.

17. 15 USC 1681c (g) and 15 USC 1681g (a)(1)(A) have similar purposes in their redaction requirements to protect consumers' personal information from third parties who may view or obtain such consumers' personal account or Social Security information.

18. On or about the following dates, Defendant sent Plaintiff consumer disclosures that did
not have the first five digits of Plaintiff's Social Security number redacted.  Plaintiff's
full Social Security number was conspicuously printed by Defendant on Plaintiff's
consumer disclosure on or about the following dates.

    a.      9/28/2016

    b.      10/6/2016

    c.      10/13/2016

19. Defendant(s) breached its duty to Plaintiff under 15 USC 1681g (a)(1)(A) by failing to
redact the first five digits of Plaintiff's Social Security Number on Plaintiff's consumer
disclosure after having been specifically requested in writing by Plaintiff to do so.

## LIABILITY

20. The previous paragraphs of this Complaint are incorporated by reference and made a part of this Complaint.

21. It is believed and averred that the acts committed by Defendant(s'), were willful, wanton, and intentional.

22. Defendant is liable for the acts committed by its agents under the doctrine of respondeat superior because Defendant's agents were acting within the scope of their employment with Defendant(s).

23. In the alternative, Defendant is liable for the conduct of its agents / employees under the theory of joint and several liability because Defendant and its agents / employees were engaged in a joint venture and were acting jointly and in concert.

24. Any mistake made by Defendant would have included a mistake of law.

25. Any mistake made by Defendant would not have been a reasonable or bona fide mistake.

## JURISDICTION

26. The previous paragraphs of this Complaint are incorporated by reference and made a part of this Complaint.

27. The previous paragraphs of this Complaint are incorporated by reference.

28. Defendant may be personally served in this jurisdiction because Defendant regularly conducts business in this jurisdiction, and avails itself of the market forces in this jurisdiction.

29. This Court has federal question jurisdiction pursuant to 28 USC 1331-1337 et. seq. and 15 USC 1681 et. seq.

30. A plaintiff invoking federal jurisdiction under Article III of the U.S. Constitution bears the burden of showing a "concrete injury" or a "concrete harm"  See Spokeo v. Robbins U.S. Supreme Court Opinion of the Honorable Justice Samuel Alito, 13-1119 (2016), quoting Lujan v. Defenders of Wildlife, 504 U. S. 555 (1992).

31. In order to demonstrate a "concrete harm" plaintiff must show that he or she suffered "an invasion of a legally protected interest."

32. A "concrete" injury need not be a measurable or "tangible" injury. Although tangible injuries are perhaps easier to recognize, intangible injuries can nevertheless be concrete. See Spokeo v. Robbins U.S. Supreme Court opinion of the Honorable Justice Samuel Alito, 13-1119 (2016), and quoting Pleasant Grove City v. Summum, 555 U. S. 460 (2009). Also see Spokeo v. Robbins U.S. Supreme Court concurring Opinion of the Honorable Justice Clarence Thomas, 13-1119 (2016).

33. To determine if an injury is "concrete," the judgment of Congress is not dispositive, but is instructive. Congress is well positioned to identify intangible harms that meet minimum Article III requirements. The violation of a procedural right granted by statute can be sufficient in some circumstances to constitute injury in fact. See Spokeo v. Robbins U.S. Supreme Court opinions of the Honorable Justice Samuel Alito and the Honorable Clarence Thomas, 13-1119 (2016).

34. Congress can create new private causes of action to vindicate private or public rights, and can authorize private plaintiffs to sue based simply on the violation of those private rights. A Plaintiff seeking to vindicate a statutorily created private right need not allege actual harm beyond the invasion of that private right; see Spokeo v. Robbins, 13-1119 (2016), Opinion of the Honorable Justice Clarence Thomas quoting Warth v. Seldin, 422 U. S. 490, 500 (1975) and also quoting Havens Realty Corp. v. Coleman, 455 U. S. 363, 373–374 (1982).

35. Congress envisioned the need to provide consumers the tools to research, guard and assist in maintaining their personal data gathered and distributed by consumer reporting agencies such as Defendant(s) in this case. One of those tools is the ability to safeguard one's personal identity by instructing a consumer reporting agency to redact the first five digits of the consumers Social Security number on the consumer report, pursuant to 15 USC 1681g et. seq.

36. Even the risk of a harm, not yet manifested can be a "concrete harm." See Spokeo v. Robbins U.S. Supreme Court opinion of the Honorable Justice Samuel Alito, 13-1119 (2016). Plaintiff's risk of having his Social Security number compromised is a "concrete harm" as referred to in the Spokeo decision.

37. Plaintiff suffered an actual concrete injury when Defendant repeatedly and willfully refused to redact the first five digits of Plaintiff's Social Security number on Plaintiff's consumer disclosure.

38. Plaintiff regularly and continuously monitors the information in his consumer file maintained by Defendant because Plaintiff believes that it is wise for Plaintiff to do so as a consumer.

39. Plaintiff reasonably believes and avers that Plaintiff will be continually subject to Defendant's unlawful business practices of failing and refusing to properly redact Plaintiff's Social Security number on his consumer disclosure every time he obtains his disclosure.

40. Plaintiff should not be forced to choose between protecting Plaintiff's identity and obtaining his consumer disclosure.

41. Plaintiff has suffered a concrete harm by Defendant's willfully an repeated unlawful business practice of refusing to properly redact Plaintiff's consumer disclosure.

42. A key factor that the Court should apply in determining Defendant's actions to be a "concrete harm" should be the willful nature of Defendant's conduct and Defendant's blatant and flagrant refusal to give Plaintiff a copy of Plaintiff's consumer file.

43. Defendant's flagrant flaunting of the law of both 15 USC 1681g and 15 USC 1681j was willful and dangerous thus manifesting a "concrete harm" to not only the Plaintiff but other consumers deprived of statutory conferred rights, including the right to receive one's consumer file, the right to dispute information therein and the right to know what rights the consumer had under the FCRA.

44. Defendant's flaunting of the law puts Plaintiff at a continued a repeated risk of identity theft by printing Plaintiff's entire Social Security number on Plaintiff's consumer disclosure which could be mis-delivered, intercepted or seen by unauthorized third parties.

45. No rational interpretation of Article 3 of the U.S. Constitution or the aforementioned Spokeo Decision. would allow for a CRA to withhold pertinent information required under 15 USC 1681a from a consumer, and then simply claim that there was no standing under Article 3.

## VENUE

46. The previous paragraphs of this Complaint are incorporated by reference and made a part of this Complaint.

47. The previous paragraphs of this Complaint are incorporated by reference.

48. Venue is proper in this District pursuant to 28 USC 1391(b)(2) because a substantial part of the events or omissions giving rise to this claim occurred in this jurisdiction.

    a.    Defendant mailed the objectionable consumer disclosures with Plaintiff's full Social Security number improperly printed to this jurisdiction.  Therefore a substantial portion of the events or omissions leading up to this cause of action occurred in this jurisdiction.

    b.    A substantial amount of the information contained in Plaintiff's consumer file and on Plaintiff's consumer disclosure pertained to this jurisdiction. Therefore a substantial portion of the events or omissions leading up to this cause of action occurred in this jurisdiction.

c.    A substantial amount of the information contained in Plaintiff's consumer file and on Plaintiff's consumer disclosure was compiled in this jurisdiction. Therefore a substantial portion of the events or omissions leading up to this cause of action occurred in this jurisdiction.

d.    Plaintiff was jeopardized, mistreated and frustrated by Defendant in this jurisdiction. Therefore a substantial portion of the omissions giving rise this cause of action occurred in this jurisdiction.

49. Venue is proper in this jurisdiction because key witnesses involved in the case are located at or near this jurisdiction. Such witnesses including but not limited to the following.

a.    Plaintiff.

b.    Similarly situated consumers in this jurisdiction whose rights were also violated by Defendant in a similar manner when such consumers requested information from Defendant about who had received their consumer reports, and Defendant also denied such consumers requests. Such witnesses' testimonies are relevant to show willful conduct by Defendant.

## DAMAGES

50. The previous paragraphs of this complaint are incorporated by reference and made a part of this complaint.

51. Plaintiff believes and avers that Plaintiff is entitled to at least $1.00 actual damages for Plaintiff, including but not limited to phone, fax, stationary, postage, etc.

52. Plaintiff believes and avers that Plaintiff is entitled to $1,000.00 statutory damages pursuant to 15 USC 1681 et. seq..

53. Plaintiff believes and avers that Defendant's conduct was willful, wanton, and intentional, and therefore Plaintiff requests punitive damages.

54. Plaintiff believes and avers that punitive damages are warranted due to the willful and wanton nature of the violation as evidenced by the following.

   a.   Plaintiff's request letters specifically asked that Plaintiff's Social Security number be redacted, the request letters were in 14 point bold font.

   b.   Numerous other similarly situated consumers, totaling more than 10, were also subject to similar misconduct by Defendant. Their un-redacted Social Security numbers were also illegally printed by Defendant(s) in the same manner and under similar circumstances as with Plaintiff.

   c.   Plaintiff requested that Plaintiff's Social Security number be redacted on separate occasions, and Plaintiff's full Social Security number was subsequently unlawfully printed by Defendant on four occasions listed above.

   d.   Upon information and belief, at all relevant times mentioned in this Complaint Defendant had no policy in effect to redact the first five digits of Social Security number of consumers when asked by the consumers.

55. Plaintiff requests Punitive damages in an amount to be determined by this Honorable Court.

56. For purposes of a default judgment, Plaintiff believes and avers that the amount of such punitive damages should be no less than $9,000 because Defendant(s') actions have the effect of potentially compromising the integrity and security of Plaintiff's personal information.



## OTHER RELIEF

57. The previous paragraphs of this Complaint are incorporated by reference and made a part of this Complaint.

58. Plaintiff demands a jury trial in this matter

59. Plaintiff seeks such other relief as this Honorable Court may deem just and proper.



Wherefore, Plaintiff demands judgment against Defendant in the amount of no less   than $10,001.00 as enumerated below, or such other amount determined by this Honorable Court.

$1.00 more or less actual damages.

$1,000.00 statutory damages pursuant to 15 USC 1692k et. seq.

$9,000 punitive damages

$10,001

Plaintiff seeks such additional relief as the Court deems just and proper.

Marie Elaine Burns
Pro Se Plaintiff
221 Sycamore Trail
Delta, PA  17314
(410) 382-2065

12/26/17
Date



Marie Elaine Burns
221 Sycamore Trail
Delta, PA  17314

RECEIVED
HARRISBURG, PA

JAN 2 2 2018

Per

Deputy Clerk

U.S. District Court
228 Walnut Street
Harrisburg, PA  17101